Olga Mae BOONE, Appellant,

v.

The CONTINENTAL INSURANCE COM-
PANY, Appellee.

No. 5017.

Court of Civil Appeals of Texas,
Waco.

Sept. 23, 1971.

Rehearing Denied Oct. 28, 1971.

Bill Howell, Bill R. Sherbert, Mabel Grey Howell (appeal only), Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, John Gilpin, Houston, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Boone from judgment non obstante veredictò that she take nothing in a workmans compensation case, and involves whether plaintiff showed good cause for late filing of her claim.

Plaintiff sued defendant Insurance Company for Workmen's Compensation benefits for injuries sustained while in the course and scope of her employment for Rexall Drug and Chemical Company; Tupperware Company, on April 16, 1967. The jury answered all issues favorable to plaintiff, including findings of total permanent incapacity; that she was an employee of Tupperware; and that good cause existed for her not filing her claims sooner than it was actually filed.

Plaintiff filed motion for judgment on the verdict; and defendant moved for judgment non obstante veredicto that plaintiff take nothing, asserting the evidence failed to show good cause for late filing of claim as a matter of law.

The trial court granted defendant's motion for judgment non obstante veredicto, and decreed plaintiff take nothing.

Plaintiff appeals contending the trial court erred in: 1) Overruling plaintiff's Motion for Judgment on the verdict; and 2) In granting defendant's motion for judgment non obstante veredicto that plaintiff take nothing.

Defendant asserts the trial court properly granted its motion for judgment non obstante in that the evidence is conclusive that plaintiff failed to show good cause for her late filing as a matter of law.

Plaintiff was a "unit manager" for Tupperware in Houston, and was furnished a car by Tupperware. While returning to

Houston from a "Tupperware Seminar" in Dallas on April 16, 1967, in the Tupperware car, plaintiff was injured when the car overturned near Centerville. Plaintiff filed her claim for compensation with the Industrial Accident Board on January 14, 1969, twenty one months after the occurrence of injury.

Article 8307, Section 4a, Vernon's Ann. Tex.Civ.St. provides such claim must be filed within six months after the occurfor failing to timely file such claim. rence of injury unless good cause exists

Jerry Abell, plaintiff's supervisor as a "unit manager" for Tupperware, testified the accident was reported to him on April 16, 1967; that he told plaintiff (and Mrs. Legrande for plaintiff) "not to worry, everything would be taken care of", on that day, and on the following day. Plaintiff was in the hospital for nine days, but thereafter continued to incur medical bills. Abell testified he made no representations following plaintiff's stay in the hospital. Allstate Insurance Company had coverage on the car plaintiff was driving which included medical payments . for one year. Abell reported the accident to Allstate which paid plaintiff's medical bills for one year. In August or September, 1968 plaintiff sent additional medical bills to Allstate, which refused same, advising her its coverage ceased on April 16, 1968.

Plaintiff returned to work on a part time basis six weeks after the accident, but was never free of pain. Plaintiff "demoted" from "unit manager" to a "dealer" with Tupperware in June 1968, and on advice of her doctor, ceased working for Tupperware in October or November, 1968.

Plaintiff never received any compensation payments from defendant, and received no medical payments from Allstate after April 16, 1968.

Plaintiff testified on deposition that the only representations Abell made to her were shortly after the accident, but at the trial she testified that she had forgotten at the time of the taking of the deposition, that he had told her in December 1968 "not to worry about it," and "everything would be taken care of"; that she kept taking Abell's word for it until January, 1969, when she filed her claim; and that she relied on Abell's representations for 21 months.

The jury found: 15) That Jerry Abell represented to plaintiff that everything would be taken care of; 16) that until her claim was filed, she believed and relied upon the statements and assurances of her supervisors; 17) such belief caused her not to file her claim up until the time it was filed; and 18) plaintiff's belief constituted "good cause" for not filing her claim sooner than it was actually filed.

Plaintiff was injured April 16, 1967, and filed her claim with the Board January 14, 1969, twenty one months after injury. Her sole basis for good cause for such late filing was that Abell, her supervisor, told her on the day of injury, the day following injury, and in December 1968 "not to worry about it", and "everything would be taken care of".

▆▆▆ The test for "good cause" for delay in filing claim for workmans compensation benefits is that of ordinary prudence. Consolidated Cas. Ins. Co. v. Perkins, 154 Tex. 424, 279 S.W.2d 299.

A person of ordinary prudence would not remain totally inactive and unconcerned about her rights as long as plaintiff in sole reliance upon the employer's promise to file her claim. Allstate Ins. Co. v. King, Tex., 444 S.W.2d 602. And here the promise relied on was not an unequivocal one "to file her claim", but was "not to worry", and "everything would be taken care of".

The trial court properly granted defendant's motion for judgment non obstante. Plaintiff's points are overruled.

Affirmed.