TRANSPORT INSURANCE
COMPANY, Appellant,

v.

John ANSLEY, Appellee.

No. 6442.

Court of Civil Appeals of Texas,
El Paso.

July 2, 1975.

Scott, Hulse, Marshall & Feuille, Charles R. Jones, El Paso, for appellant.

Alexander, Lowe & Pratt, Bill Alexander, Benny J. Lowe, Odessa, for appellee.

OPINION

WARD, Justice.

This is a workmen's compensation case which was tried by a jury and with results

favorable to the claimant. The carrier's points are those of no evidence, insufficient evidence, and against the great weight and preponderance of the evidence, and all regarding the jury findings that good cause existed for the late filing of the claim for compensation. We sustain the no evidence points and reverse and render.

Claimant was employed in El Paso by Merchants Fast Motor Lines. He was injured in his lower back on September 21, 1972, while he was operating a forklift which fell off of a loading dock. The claim for compensation was not filed with the Industrial Accident Board until September 3, 1973, almost a year after the injury. On the night of the accident, the claimant's supervisor, Tony Sanchez, told him that he would fill out a report of the accident. After the accident, the claimant's back seemed to get stiff and his legs hurt, and he complained about his back while he was on the job. The claimant thereafter continued to work with Merchants Fast Motor Lines until the weekend of Thanksgiving or the 1st of December, 1972, when, as a result of his complaining, he was told that he would have to have a doctor's release before he could come back to work. On December 22nd, he saw Dr. Nelson, a specialist in neurological surgery, who, after an examination, recommended that he enter a hospital. On January 8, 1973, he was hospitalized and a myelogram was performed. He was then operated for a herniated disk in his lower back, and was discharged from the hospital on January 20th. He never returned to work for his employer in El Paso. He moved to Odessa where he performed light work, beginning in July, 1973. He was then injured while riding a motorcycle and hospitalized August 8, 1973. He thereafter discussed his injury with a friend who urged him to contact an attorney, and it was at that time that the claim for compensation was filed in this case.

From the night of the accident until August, 1973, he never inquired of anyone of any claim for compensation and failed to make any inquiry concerning the actual filing of a "report." He explained this by saying it was due to his father's advice. Soon after the accident, he discussed the matter with his father, who had been in the transportation business, and he advised him not to pursue any claim for compensation. He stated that he elected to follow this advice from the time of this discussion, which occurred on the 3rd of November, 1972, until he went to see his lawyer at the end of August, 1973. At the time the matter was discussed with his parents, he knew of the gravity and severity of his back injury, and he knew in December, 1972, that he was going to have to have a back operation. He last saw his doctor on February 23, 1973, and he was at that time discharged to return to light work. He always knew that he never received any medical payments or other compensation benefits.

In response to four special issues, the jury found that the supervisor, Tony Sanchez, had told the claimant on the night of the accident that he would file a report; that until the actual notice and claim for compensation was filed the claimant believed that the employer had filed the same with the Industrial Accident Board; that such a belief caused the plaintiff to delay filing the compensation claim with the Industrial Accident Board until the same was actually filed; and that such belief was good cause for his delay in filing the claim from the date of the occurrence of the injury until the date the claim for compensation was actually filed.

The established rule for the existence of good cause for not filing a claim for compensation is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Whether one used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts, but it may be determined against the claimant as a matter of law

188 ■

when the evidence, construed most favorably for the claimant, admits of no other reasonable conclusion. *Hawkins v. Safety Casualty Co.*, 146 Tex. 381, 207 S.W.2d 370, 372 (1948). Having examined the evidence in this case with care and having construed it most favorably to the claimant as we are required to do, we conclude as a matter of law that the claimant failed to use the degree of diligence required.

There is nothing in this case that would constitute a misrepresentation made by the company's supervisor regarding the filing of any claim for compensation. *Boone v. Continental Insurance Company*, 472 S.W.2d 166 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.). If we assume that the statement made by Mr. Sanchez, the supervisor, was to the effect that a claim for compensation would be filed for the claimant, he is still precluded from recovery. A person of ordinary prudence would not remain totally inactive and unconcerned about his rights as long as the plaintiff did in this case in sole reliance upon such a statement as the supervisor made. *Allstate Insurance Company v. King*, 444 S.W.2d 602 (Tex.1969); *Bray v. Texas Employers' Insurance Association*, 483 S.W.2d 907 (Tex.Civ.App.—Houston (1st Dist.) 1972, writ ref'd n. r. e.). Claimant in this case was totally unconcerned, and as he stated he elected not to pursue the claim until long after the expiration of the six-months period. This was a conscious intent not to proceed with the claim.

The factual insufficiency points are not reached. This case is reversed and rendered.