**AETNA INSURANCE COMPANY,**
Petitioner,

v.

**Johnny H. GIDDENS, Respondent.**

No. B–3120.

Supreme Court of Texas.

Feb. 16, 1972.

Clemens, Knight, Weiss & Spencer, George H. Spencer, San Antonio, for petitioner.

Pat Maloney, San Antonio, for respondent.

PER CURIAM.

Plaintiff recovered judgment for workmen's compensation in an amount computed upon the basis of a jury finding of "just and fair" average weekly wage. The court of civil appeals affirmed. Tex.Civ. App., 474 S.W.2d 29. This affirmance was based on the holding that plaintiff produced evidence that his average weekly wage could not be computed under Subdivision (2) of Section 1 of Article 8309, Vernon's Annotated Civil Statutes, and, in

any event, failure to so prove must be considered harmless.

When a workmen's compensation claim is made, the compensation rate cannot be computed until the workman establishes a weekly wage rate in accordance with the requirements of Article 8309. If he has worked at least 210 days in the same or similar employment in the same or neighboring place during the year immediately preceding his injury, his own wages are controlling. This is Subdivision (1) of the statute and is known as step 1. If the injured workman has not himself worked so much in this work and area, he must then take his proof to Subdivision (2) of the statute or step 2, and establish the average weekly wage rate of another employee of the same class who has worked similarly for at least 210 days in the prior year. Subdivision 3 or step 3 provides for a wage rate "just and fair" to both parties, but resort may not be had to the "just and fair" provisions until the workman has borne his burden of proving by competent evidence that his wages cannot be computed under Subdivision (1) or (2). Texas Employers' Ins. Ass'n v. Shannon, 462 S.W.2d 559 (Tex.1970); Texas Employers' Ins. Ass'n v. Ford, 153 Tex. 470, 271 S.W.2d 397 (1954).

It is undisputed that the plaintiff here did not work as many as 210 days and that Subdivision (1) is inapplicable. He then failed to prove that no other employee worked for the 210 days. The only evidence on the matter is that weather and lack of materials and the Christmas holidays interfere with work and that plaintiff himself only worked about three days each week during the 6 weeks that he was on this job before he was injured. This comes no closer to discharging plaintiff's burden than did the evidence presented in Texas Employers' Ins. Ass'n v. Shannon and Texas Employers' Ins. Ass'n v. Ford, cited above; and the decision of the court of civil appeals is in conflict with those two previous opinions of this court.

The judgment of the court of civil appeals is reversed without granting the writ and hearing the case, and the cause is remanded to the trial court for a new trial.