Tom SPIELBAUER, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 07–83–0011–CV.

Court of Appeals of Texas, Amarillo.

Oct. 31, 1984.

John Judge, Amarillo, for appellant.

Michael H. Loftin, Kelly Utsinger, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Tom Spielbauer brings this appeal from a take-nothing judgment rendered after a jury trial on his action against Texas Employers' Insurance Association to recover workers' compensation benefits for an injury sustained in the course of his part-time employment. Concluding that an irreconcilable conflict existing between findings by the jury and the deemed finding by the court prevents the rendition of a take-nothing judgment, we reverse and remand.

Spielbauer, who worked full shifts as a fireman for the Amarillo Fire Department at a salary of "about $350 a week," sustained an injury while working part time at Doche & Co., a dry cleaning establishment, where he worked two or three days a week for $4.25 an hour, earning between $50 and $100 per week. Dissatisfied with the Industrial Accident Board's award of compensation of $133 a week for 13½ weeks for total temporary disability and $40 a week for 300 weeks for permanent partial incapacity based on weekly wages of $200 at the time of his injury, Spielbauer sought to establish his permanent total incapacity or, alternatively, his permanent partial incapacity and to recover benefits therefor based on "an average wage of $170.00 or more per week." Apparently, the pleaded weekly wage was referenced to his part-time employment with Doche & Co., for there was no pleading of his employment with the Amarillo Fire Department or the wages received from that employment.

At the beginning of the trial, it was stipulated by the parties that neither Spielbauer nor any other worker engaged in similar employment worked 210 or more days for Doche & Co. in the twelve months preceding the date of Spielbauer's injury, and that:

If the Plaintiff [Spielbauer] had worked for Doche & Company on a full-time basis, his average weekly wage would have been $170 per week. This is a fair and just average weekly wage, with respect to his employment at Doche & Company on or about February 25th, 1981 [the date of his injury].

During the trial, there was unobjected to testimony that as a full-time fireman, Spielbauer worked five days of alternating 24-hour shifts followed by 96 hours off duty, for which he received at the time of his injury, depending on the different annual salary amounts he testified to, either approximately $288 a week or "about $350 a week."

In submitting the cause to the jury on special issues, the court furnished definitions appertaining to the issues. One of the definitions is worded thusly:

"PARTIAL INCAPACITY" is any degree of incapacity less than total incapacity, and means that a person's earning capacity is reduced because he can perform only part of the usual tasks of a workman or can only do lower paying work than he could do before his injury, but can get and keep employment suitable to his condition.

The jury returned findings, corresponding to the numbered special issues, that (1) Spielbauer received an injury on or about February 25, 1981, (2) in the course of his employment, which (3) was a producing cause of total incapacity, (3A) beginning February 25, 1981 and (3B) ending June 1, 1981, and which (4) was a producing cause of partial incapacity, (4A) beginning June 1, 1981 and (4B) is of permanent duration, during which (4C) his average weekly earning capacity is $422.

No issue was requested to be submitted, and without objection no issue was submitted, to permit the jury's determination of Spielbauer's average weekly wages before his injury. However, after receipt of the jury's verdict and before rendition of judgment, Spielbauer moved the court for judgment on the verdict, asserting that, considering the stipulation of his average weekly wage for employment at Doche & Co. and his unchallenged testimony of his

average weekly wages at the Amarillo Fire Department, the unchallenged and uncontroverted evidence established his average weekly wage was $520 at the time of his injury. At the same time, he requested the court to make express findings from the evidence that he earned an average of $350 per week with the fire department, that neither he nor any other fireman worked a total of 210 days during the 300-day period preceding his injury, and that, therefore, his just and fair wage for his fire department work would be $350 per week.

The court set a specific date for hearing Spielbauer's motion; however, six days before the hearing date, the court, without expressing a ruling on the pending motion or otherwise referring to it, found that T.E.I.A. had fully compensated Spielbauer for the period of total incapacity found by the jury, and that the jury's verdict is in favor of T.E.I.A. and against Spielbauer. Then the court rendered the take-nothing judgment from which this appeal is taken.

Spielbauer attacks the judgment rendered by the first four of his five points of error and, with the last point, he charges the court with error in failing to submit his requested special issue to inquire about the diminution in his average weekly earning capacity during partial incapacity. Inasmuch as we have determined that as the points are cast against the posture of the cause, only the fourth point, which adequately presents Spielbauer's contention that a fatal conflict in the findings prevents a take-nothing judgment, is sustainable for reversible error, we sustain the fourth point on the rationale to be expressed and overrule the other points without specifically addressing them.

At the outset, we observe that the determinations of Spielbauer's temporary total incapacity and his compensation therefor are not in issue; the question is whether the take-nothing judgment has support in the findings concerning partial permanent incapacity. In this regard, recovery for partial incapacity is measured by 66⅔ of the difference between Spielbauer's average weekly wages before the injury and his average weekly wage earning capacity during, but not to exceed 300 weeks of, the existence of such incapacity. Tex.Rev.Civ. Stat.Ann. art. 8306 § 11 (Vernon Supp. 1984). The section 11 difference, then, represents a loss of earning capacity. *Employers Reinsurance Corporation v. Holland*, 162 Tex. 394, 347 S.W.2d 605, 606 (1961).

Upon the submission of this cause, the jury found that Spielbauer's injury was a producing cause of partial incapacity which, by the definition guiding them in that determination, established a reduction in his earning capacity, *id.*, to, as the jury then found, an average of $422 weekly. In making the finding, the jury ascertained a loss of earning capacity, *id.*, without being asked to make, and without making, an expressed determination of Spielbauer's average weekly wages before his injury, an element of the compensation claim he had the burden to establish. *Aetna Insurance Company v. Giddens*, 476 S.W.2d 664, 665 (Tex.1972).

Spielbauer could have discharged his burden by conclusively proving, or securing the factual findings, that (1) he had worked in the employment in which he was working at the time of his injury, whether for the same employer or not, for at least 210 days of the year immediately preceding his injury, and the amount of his average weekly wage for the employment; or that (2) he had not worked in such employment for such length of time, but another employee of the same class had worked for such length of time in such or similar employment, and the amount of the employee's average weekly wage rate; or that (3) for sufficient reason, his wages cannot be computed under (1) and (2) above, and the amount of the weekly wage rate that would be just and fair to both T.E.I.A. and him. Tex.Rev.Civ.Stat.Ann. art. 8309 § 1, subd. (1), (2) and (3) (Vernon 1967). The second subdivision provision for proving the average weekly wage rate may not be resorted to unless it is shown by competent evidence that the average weekly wage cannot be computed under the first subdivi-

sion, *American Employers' Ins. Co. v. Singleton*, 24 S.W.2d 26, 27 (Tex.Comm'n App.1930, holding approved); and, likewise, the third subdivision provision for proving a "just and fair" wage rate may not be resorted to until competent evidence shows that the wages cannot be computed under subdivision (1) and (2). *Id.; Aetna Insurance Company v. Giddens, supra.*

Spielbauer neither sought nor obtained a jury determination of his average weekly wage rate before his injury. In lieu thereof, he urges that his weekly wage rate was established by the stipulation that $170 per week is a fair and just average weekly wage with respect to his employment at Doche & Co. and his uncontradicted testimony that his wages at the fire department were $350 per week. Given these wage rates and the jury's verdict, he argues that he is entitled to judgment based thereon, or at least a reversal and remand since the take-nothing judgment conflicts with the jury's finding that he suffered a permanent reduction in his average weekly earning capacity.

Assuming for the purpose of the wage rate issue that the lack of pleading of Spielbauer's fire department employment does not bar consideration of the testimony relative thereto in connection with the rendition of judgment—*see* Rule 301, Texas Rules of Civil Procedure—we cannot agree that Spielbauer has discharged his burden of proof by establishing his weekly wage rate as a matter of law. In our view of the record, the evidence respecting his weekly wages merely raised an issue of fact for determination.

The stipulation embracing "a fair and just average weekly wage" at Doche & Co. is predicated on full-time employment, but Spielbauer readily admitted that he neither worked full time nor worked for at least 210 days of the year immediately before his injury at Doche & Co. and that his wages for the time he worked were between $50 and $100 per week. But if it be accepted, and T.E.I.A. does not specifically challenge, that the stipulation fixes $170 as a just and fair and average weekly wage for Spielbauer at Doche & Co., the amount of his weekly wages from the fire department was not conclusively established in an acceptable manner.

Early in his testimony, Spielbauer stated that his fire department salary was $15,000 annually, which would compute to approximately $288 each week, and later he testified that his annual salary was $18,000 which, he affirmed, would compute to about $350 per week; yet, in moving for judgment, he judicially admitted, and a calculation of his working schedule verifies, that he had not worked for a period of 210 days during the year for the fire department. Absent his working for the 210-day period, his weekly wages at the date of his injury are not a measure of his average weekly wage rate under either subdivision (1) or (2) of article 8309 § 1, and cannot be his average weekly wage rate under subdivision (3) of the article unless the wages are "just and fair to both parties." Tex.Rev.Civ.Stat.Ann. art. 8309 § 1, subd. (1), (2) and (3) (Vernon 1967); *Aetna Insurance Company v. Giddens, supra.* Nor was it established in the record as a matter of law whether another fire department employee had or had not worked for that period of time in the same or similar work. Hence, even were it found as a fact, as Spielbauer submits, that no other fire department employee had worked for a total of 210 days of the year before the injury, there has been no determination of a just and fair average weekly wage for his fire department work.

In brief, Spielbauer showed as a matter of law that his wages are not computable under subdivision (1) of article 8309 § 1; but he has not shown conclusively that his wages cannot be computed under subdivision (2), much less what a just and fair wage would be if it could be computed under subdivision (3). Thus, he failed to conclusively prove a computable weekly wage rate warranting a favorable judgment. *Texas Employers' Insurance Association v. Shannon*, 462 S.W.2d 559, 562–63 (Tex.1970).

By the evidence, however, Spielbauer did raise the fact issue of his average weekly wage rate, which called for the trial court's submission of appropriate special issues, submitted separately or broadly, for the jury's determination of this essential element of Spielbauer's claim. Tex.R.Civ.Pro. 277. Nevertheless, the court did not submit the element and there was no objection made to its omission from the court's charge. Since the wage rate issue was not an independent ground of recovery, but was one of the elements of Spielbauer's compensation claim, the issue itself was not waived for lack of submission; instead, by operation of Rule 279, the litigants are considered to have agreed to waive a jury trial on the issue and to have submitted it to the court for resolution.

Then, the rule provides, "the trial court, at the request of either party, may ... make and file written findings on such omitted issue or issues in support of the judgment ...." Tex.R.Civ.Pro. 279. Although the authorization is cast in permissive language, the court should honor the request in the interest of certainty of the findings upon which the judgment is rendered; but, if the court does not make written findings, the rule further provides that such omitted issue or issues shall be deemed found by the court in such manner as to support the judgment. *Harmes v. Arklatex Corp.*, 615 S.W.2d 177, 179 (Tex. 1981).

■ In this cause, the trial court did not honor Spielbauer's request for written findings on the omitted element of his claim. As a consequence, the Rule 279 provision for a deemed finding in support of the take-nothing judgment rendered requires the presumption of a finding that Spielbauer's average weekly wages before his injury were equal to or less than the $422 the jury found was his average weekly earning capacity during his permanent partial incapacity; otherwise, the court would have rendered a judgment for some monetary amount. Given the deemed finding, a study of the entire charge of the court and all of the verdict, which must be considered, *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 989 (1949), reveals a conflict fatal to the take-nothing judgment rendered. This results because the deemed finding that Spielbauer's average weekly wages at the time of his injury were not more than his $422 average weekly earning capacity during his partial disability cannot be reconciled with the jury's unchallenged special issue 4 finding of partial incapacity, which embraces the definitional finding that his pre-injury earning capacity was reduced by the injury. *Employers Reinsurance Corporation v. Holland, supra*, 347 S.W.2d at 606–07. The affirmative finding of partial incapacity exists because the jury found that Spielbauer suffered a reduction in his average weekly wage earning capacity; the deemed finding that there was not such a reduction exists because it is the only one that can support the take-nothing judgment rendered. The findings are in irreconcilable conflict, a conflict which prevents the rendition of a judgment. *Id.*

Consequently, the take-nothing judgment must be reversed and the cause must be remanded.

The reversal and remand caused by the deemed finding conflicting with the jury's findings will not prevent the trial court from making and filing a written finding or findings on the omitted element of the weekly wage rate, for the court was called upon to do so by the request filed before the take-nothing judgment was rendered. *Hall v. Hard*, 160 Tex. 565, 335 S.W.2d 584, 590 (1960). If the court finds competent evidence of a pre-injury average weekly wage rate computable in the manner required by law in excess of $422, then the court should make such written finding or findings thereof which, together with the jury's verdict, supports a judgment rendered thereon, Rule 279; however, if the court does not find such competent evidence and so states in its written finding or findings, a mistrial should be declared. *Employers Reinsurance Corporation v. Holland, supra*.

It is so ordered.