The AETNA CASUALTY & SURETY COMPANY, Appellant,

v.

Armando WEAVER, Appellee.

No. 13–89–305–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 31, 1991.

Frank E. Weathered, Corpus Christi, for appellant.

Randall P. Crane, San Benito, for appellee.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

This is a worker's compensation case. The trial court entered judgment in favor of Armando Weaver, based upon a jury verdict, for seven years of temporary total incapacity and for medical expenses. In its sole point of error, appellant seeks reversal and rendition, or in the alternative, a remand, because of the failure of the claimant to conclusively negate that he worked in the same or similar employment in the same or similar neighborhood for a period of at least 210 days during the year preced-

ing his injury. We affirm the trial court's judgment.

Weaver was injured in the course and scope of his employment with Aetna's insured, Sanchez & Sons, Inc., on July 28, 1987. He pleaded a weekly wage rate of $450.00. At trial, he offered evidence that he had not been employed doing the same or similar work during the year preceding the accident. Weaver also offered evidence that Robert Espinosa, an employee of Sanchez & Sons who did the same or similar work and who did work at least 210 days during the year preceding Weaver's accident, earned $15,112.36 during a 261 day period during the prior year. None of this evidence was contradicted.

The jury found that another employee of the same class as appellant worked at least 210 days of the year immediately preceding the injury in the same or similar employment in the same or a neighboring place at an average daily wage of $57.90. Appellant objected to the charge for not inquiring whether appellee had worked at least 210 days in the year prior to his injury; the objection was overruled.

■ Tex.Rev.Civ.Stat.Ann. art. 8309 § 1 (Vernon 1967) provides the steps for calculating a claimant's "average weekly wage." "Step 1" provides that if the claimant shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, for at least 210 days of the year immediately preceding the injury, then his own wages are controlling. *Aetna Ins. Co. v. Giddens,* 476 S.W.2d 664, 665 (Tex.1962). "Step 2" provides the process of proving average weekly wage when the claimant has not worked in the employment in which he was working at the time of the injury for at least 210 days of the preceding year. *Id.* In this case, the average weekly wage can be calculated by using the salary of an employee of the same class, working at least 210 days of such immediately preceding year, in the same or similar employment, in the same or a neighboring place. *Id.* at 665. The worker has the burden of showing that his wages cannot be computed under subsection 1 before a resort can

be had to subsection 2. *Pennsylvania Nat'l Mutual Cas. Ins. Co. v. Hannah,* 701 S.W.2d 67, 70 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.).

■ At trial, Weaver testified that he worked for Sanchez & Sons, the employer in this instance, for "three or four months," had not done "much other work," and was off work for "a while." No other evidence of his employment for the year prior to his injury was offered by either party. Appellant relies on *Hannah* for reversal. Such reliance is misplaced. *Hannah* was a case involving the "dual capacity" doctrine and the propriety of a special issue inquiring whether the claimant was performing the ordinary tasks of a workman as distinguished from his duties as a corporate officer. The judgment of the trial court was reversed on this issue. In discussing the appellant's point of error concerning the failure of the trial court to submit an issue to the jury as to the claimant's wage rate under subsection 1, the Court observed that it was the better practice to submit an issue to the jury regarding the same in the event of a retrial because the only evidence that the employee did not work 210 days in the preceding year was from the employee, an interested witness. Certainly, the safest procedure would be, when an objection is made, to always submit the issue of the work record of the claimant to the jury.

Even so, the failure to submit the question of the number of days a claimant has worked in the same or similar employment is not always reversible error. Tex.R. App.P. 81(b)(1) provides that no judgment shall be reversed "on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment...."

*Texas Employers' Insurance Assoc. v. Shirley,* 350 S.W.2d 55 (Tex.Civ.App.—El Paso 1961, no writ) involved a fact situation similar to this case. Appellant complained

of the action of the trial court in submitting the case to the jury under Tex.Rev.Civ. Stat.Ann. art. 8309 § 1(2) (Step 1). After reviewing the testimony in the case, the court observed that it would have been impracticable to compute the wage rate under Step 1 but that there was ample evidence to support the computation under Step 2. The court overruled appellant's complaint and affirmed the trial court's judgment.

In discussing the question of establishing wage rate under the various alternatives, the court in *Texas Employers' Ins. Ass'n v. Locke*, 224 S.W.2d 755, 759 (Tex.Civ.App.— Fort Worth 1949, writ ref'd n.r.e.) observed that when the issue is not seriously contested, slight testimony is sufficient to raise an issue and support a verdict as to which alternative is used.

Our examination of the record in this case shows that appellant made no effort to contest or question appellee's statement concerning his work history and that the only evidence offered justified the conclusion that appellee did not work 210 days in the same or similar employment as required for step 1 to control. We therefore hold that any error in refusing to submit a jury issue negating computation of appellee's wage rate under article 8309 § 1(1) was harmless.

Appellant's point of error is overruled. The judgment of the trial court is affirmed.