HOUSTON FIRE & CASUALTY INSUR-
ANCE COMPANY, Appellant,

v.

Margin D. LEE, Appellee.

No. 8238.

Court of Civil Appeals of Texas,
Texarkana.

April 1, 1975.

Rehearing Denied April 22, 1975.

Howard Waldrop, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Donald B. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

RAY, Justice.

This is a workmen's compensation case. Appellee, Margin D. Lee (plaintiff) brought suit against Houston Fire & Casualty Company, appellant (defendant) seeking to set aside a final ruling of the Texas Industrial Accident Board denying his claim for workmen's compensation benefits. The appellee's claim was for total and permanent disability and a finding that good cause existed for his having failed to file his claim within the statutory time limits. The jury found that Lee was totally and permanently disabled and that good cause existed for the late filing of his claim. The trial court entered a judgment upon the jury's verdict from which the appellant has timely appealed. Appellant presents twenty-five points of error for our consideration. The basic questions involved are whether the jury findings of total and permanent disability and good cause for appellee's failure to timely file his claim for compensation were justified.

Appellee, a painter, fell from a ladder and was injured on May 5, 1967, while working for Charles Hampton of Jefferson, Texas. A claim for compensation was not filed by appellee with the Texas Industrial Accident Board until June 16, 1970. The appellant contends that Lee did not have good cause for the late filing nor did he have any "continuing good cause."

Appellee relies for his "good cause" upon a belief that his employer or supervisor had, or would, file a claim on his behalf. The evidence on good cause, viewed in the light most favorable to the verdict, may be summarized as follows:

Appellee testified that four or five days after the accident he asked Mr. Heim, Hampton's superintendent, if the papers had been sent in, to which Lee said Heim replied, "I have sent in the one to the insurance company, Mr. Hampton sent in the one to the Accidental Board." About two months later Lee took a medical report from Dr. Shipp of Shreveport, Louisiana to Mr. Hampton. Appellee stated that Hampton told him that he would mail it the next day but that he had to fix out some papers to go in wtih it. Appellee further testified that Hampton said he would send out a report on Lee " . . . to the Accidental Board." Approximately one month later Lee testified that he asked Heim if he had sent in a report and Heim's reply was, "No, I sent one into the insurance company but Charles [Hampton] has sent one into the Accidental Board." Lee testified that three or four months after the accident he asked Heim about getting money with which to pay the doctor and was told that his medical bill would be paid. At that time, Lee did not know whether a claim had been sent to the Industrial Accident Board or not.

Some two years later, on April 8, 1969, Roy Leach, an insurance adjuster, contacted appellee about his medical bill and stated, "Don't worry, we'll take care of you," according to the testimony of Lee.

Later in the trial, Lee stated that in June of 1970 that Leach told him that no claim for compensation had been filed in Lee's behalf, and that Lee should mail one to the Industrial Accident Board. Lee testified that, "And I didn't know that I was supposed to mail it in," and that following his conversation with Leach was the first knowledge that he had that he should "send

anything in." On direct examination by his own attorney, Lee testified:

"Q. Let me ask you this; what was the reason that you didn't send one of these [claim for compensation] in 1967?

A. I didn't know anything about—just didn't know I was supposed to. I thought that James Heim was supposed to or Mr. Hampton because Dr. Shipp told me in Shreveport that the doctor said, 'Give this to Mr. Hampton, tell him to send it to the Accidental Board.'"

Subsequently appellant's counsel asked Lee the reason why he had not sent in a claim before June 16, 1970 to which Lee responded, "I didn't know they had to be sent. I didn't know I was supposed to. I thought they would." Appellee was then asked if he had known that a claim was supposed to be filed that he wouldn't have depended on Mr. Hampton or Mr. Heim or anyone other than himself to have done it, to which he responded that he would have "put it in." He stated that he would have gotten in his car and driven to the Industrial Accident Board and handed the claim to them had he known that he needed to file a claim and that he wouldn't have relied on Mr. Hampton or Mr. Heim or anybody else to have done it for him. "I would have done it myself if I had known I was supposed to," Lee stated.

■ It is elementary that in a workmen's compensation case, the claimant must plead and prove that he timely presented his claim to the Industrial Accident Board. If there was a delay in the filing of his claim, he must plead and prove that good cause existed for his failure to file his claim within the statutory six-months time limit pursuant to Article 8307, Sec. 4a, Vernon's Tex.Rev.Civ.Stat.Ann. The "good cause" for delay must be proved to have existed until the very time the claimant filed his claim with the Industrial Accident Board. The test for "good cause" was set out in Moronko v. Consolidated

,Mutual Insurance Company, 435 S.W.2d 846 (Tex.1968) and in Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948). In *Hawkins,* the Supreme Court stated:

"The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently, whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion."

In Texas Employers' Ins. Ass'n. v. Crain, 259 S.W.2d 905, 907 (Tex.Civ.App. Fort Worth 1953, writ ref'd n. r. e.) it was stated:

"To hold that as a matter of law good cause is not thereby shown is to hold that there is no evidence to support the jury's finding that the test of ordinary prudence has been met. If there is any evidence of care and prudence in the prosecution of appellee's rights, the sufficiency of that evidence is a question for the jury."

■ Ignorance of the six-months filing requirement will not excuse a failure to comply therewith. Allstate Insurance Company v. King, 444 S.W.2d 602, 605 (Tex.1969).

Three or four months after appellee's injury, he did not know whether his employer or the employer's supervisor had filed a claim in his behalf. There is no evidence in the record that appellee relied upon Charles Hampton or his supervisor to file a claim in his behalf. Appellee testified that had he known that a claim had to be

filed with the Texas Industrial Accident Board, that he would not have relied upon his employer or his employer's supervisor to have filed the claim for him, but that he would have filed it himself and would have carried the claim to the Industrial Accident Board himself.

■ In Allstate Insurance Company v. King, supra, the court stated that sufficient evidence existed to support the jury's finding that the plaintiff originally believed his employer would process and handle his insurance claims for injuries, but that this belief could not constitute good cause for the delay of almost sixteen months in filing his claim. It was stated, "A person of ordinary prudence would not remain totally inactive and unconcerned about his rights as long as plaintiff did in sole reliance upon the employer's promise to file a claim." In the present case, had Lee relied upon his employer to file his claim for him as he contended, we feel such position to be untenable as continuing good cause when nothing happened between the time he last talked to his employer (three or four months after the accident) and the time that the insurance adjuster, Leach, contacted him some 19–20 months later. Appellee continued to work regularly for Mr. Hampton after his injury and was not paid any weekly workmen's compensation benefits. We hold as a matter of law, that appellee failed to establish continuing good cause for his delay in filing his claim with the Texas Industrial Accident Board within the statutory six-months period. Allstate Insurance Company v. King, supra; Boone v. The Continental Insurance Company, 472 S.W.2d 166 (Tex.Civ.App. Waco 1971, writ ref'd n. r. e.); Bray v. Texas Employers' Insurance Association, 483 S.W.2d 907 (Tex.Civ.App. Houston 1st Dist.1972, writ ref'd n. r. e.); Travelers Insurance Company v. Warren, 447 S.W.2d 698 (Tex.Civ.App. Tyler 1969, writ ref'd n. r. e.).

The judgment of the trial court is reversed, and judgment is here rendered that appellee Lee take nothing.