**Barbara DESOTO, Appellant,**

v.

**Bruce Wayne MATTHEWS, Appellee.**

**No. 01–85–0941–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 31, 1986.
Rehearing Denied Aug. 28, 1986.

Keith M. Fletcher and Mark E. Steiner, Simmons, Zwerneman & Epps, Houston, for appellant.

Barclay A. Manley and Roger Townsend, Fulbright & Jaworski, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

The sole issue on this appeal is whether the trial court properly denied pre-judgment interest on damages awarded to the plaintiff in a personal injury action.

Pursuant to Rule 378 of the Texas Rules of Civil Procedure, the parties filed an agreed statement of facts. The agreement states that on December 29, 1977, the appellant and the appellee were involved in a collision in which the appellee received injuries. As a result, the appellant filed suit for her personal injuries, and her case proceeded to trial on May 28, 1985.

At trial, the jury found that the appellee's negligence was the proximate cause of the accident and awarded the appellant $6,600 for past medical expenses, $3,300 for past physical pain and mental anguish, and $1,000 for lost wages.

On July 1, 1985, a hearing was held on the appellant's motion for entry of judgment. At that time, the appellant requested that the court award her pre-judgment interest pursuant to the Texas Supreme Court's June 5, 1985 decision in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). The appellant claimed that she was entitled to such interest based upon her pleadings; however, in the alternative, she proffered a trial amendment in which she specifically pled for the recovery of pre-judgment interest. The court denied the appellant's motion for a trial amendment and later granted the appellee's motion for entry of judgment without pre-judgment interest.

The appellant contends in her first point of error that the trial court erred in not awarding her pre-judgment interest because she had pled for such relief and was entitled to such relief under the *Cavnar* decision.

In *Cavnar*, the Texas Supreme Court held that a prevailing plaintiff in a personal injury action can recover prejudgment in-

terest on damages that have accrued by the time of judgment. The court also held that in a non-death personal injury case, such as the instant case, interest begins to accrue on both pecuniary and non-pecuniary damages from a date six months after the occurrence of the incident giving rise to the cause of action. The court further held that interest accrues at the prevailing interest rate that exists on the date judgment is rendered in accordance with Tex.Rev.Civ. Stat.Ann. art. 5069-1.05, sec. 2 (Vernon Supp.1986). The court stated its decision would apply to "all future cases as well as those still in the judicial process involving ... personal injury actions." *Cavnar*, 696 S.W.2d at 554-556.

The appellant's cause of action was in the judicial process at the time of the *Cavnar* decision. *See Madisonville Independent School District v. Kyle*, 658 S.W.2d 149, 150 (Tex.1983). Therefore, the issue is whether the appellant's pleadings entitled her to recover pre-judgment interest under the *Cavnar* decision.

The plaintiff went to trial on her second amended original petition. The only reference to interest in the petition was contained in the prayer where the plaintiff requested:

Plaintiff prays .... for interest on said judgment at the legal rate; for all costs of court; and for such other and further relieve, at law and in equity, to which she may show herself justly entitled, and for which she will ever pray.

■ The appellant's prayer for "interest on said judgment at the legal rate," is consistent with a request for post-judgment interest rather than pre-judgment interest. Thus, the phrase "interest on said judgment at the legal rate" will not support an award of pre-judgment interest. *See Tennessee Life Insurance Co. v. Nelson*, 459 S.W.2d 450, 454 (Tex.App.—Houston [14th Dist.] 1970, no writ).

The appellant's prayer for general relief, i.e. "and for such other and further relief at law and in equity, to which she may show herself justly entitled," would have

supported an award of pre-judgment interest if it had been sought on the basis of a written contract that fits the description of Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon Supp.1986). *See Republic National Bank v. Northwest National Bank,* 578 S.W.2d 109, 117 (Tex.1979). However, where pre-judgment interest is sought at common law, it poses a different question.

In *Cavnar,* the court held that pre-judgment interest in a personal injury action is recoverable regardless of whether it is characterized as damages or as interest, but the *Cavnar* court did not address the issue of whether a plaintiff in a personal injury action must specifically plead for the recovery of pre-judgment interest. However, the court was careful to point out that its decision did not conflict with the rules set forth in *Black Lake Pipe Line Construction Co. v. Union Construction Co.,* 538 S.W.2d 80, 90 (Tex.1976), wherein the court held that the plaintiff was required to plead for pre-judgment interest where the basis for such recovery was rooted in the common law. *Cavnar,* 696 S.W.2d at 554.

■ In the present case, since the appellant's case is a common law action, we hold that a prayer for general relief will not support an award of pre-judgment interest on damages awarded, absent statutory authorization.

The appellant's first point of error is overruled.

In her second point of error, the appellant contends that the trial court erred in refusing to permit her to file a trial amendment to specifically pray for the recovery of pre-judgment interest.

Under Rule 66 of the Texas Rules of Civil Procedure, a trial judge is to "freely" allow amendments to a party's pleadings "when the presentation of the merits will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits." Tex.R.Civ.P. 66. Rule 66 gives a judge broad discretion, and

his decision will only be overturned where the judge has abused his discretion. *Yowell v. Piper Aircraft Corp.,* 703 S.W.2d 630, 634 (Tex.1986). The test for determining whether a judge has abused his discretion is whether his decision was arbitrary and unreasonable. *Yowell,* 703 S.W.2d at 635; *Landry v. Travelers Insurance Co.,* 458 S.W.2d 649, 651 (Tex.1970). Before an appellate court may reverse a trial court's discretionary ruling, "it should appear clearly from the record that there has been a disregard of the rights of a party." *Yowell,* 703 S.W.2d at 635.

■ In the instant case, after trial but prior to judgment, the decision in *Cavnar* was handed down. When the appellant filed her trial amendment, she apprised the trial judge of the *Cavnar* decision. The judge refused to allow the appellant to file her trial amendment without giving the appellee an opportunity to respond to appellant's motion.

Since the Texas Supreme Court directed that its decision be applied to cases presently in the judicial system, we hold that the trial court abused its discretion by not allowing the appellant to file a trial amendment. *See Cavnar,* 696 S.W.2d at 556.

The appellee contends that awarding the appellant pre-judgment interest in the instant case would be unjust because the appellant used dilatory tactics and made exorbitant settlement demands. The appellee states that this has resulted in pre-judgment interest totaling $11,233.58.

It is true that awarding pre-judgment interest in personal injury actions rests upon equitable grounds. In overruling decisions which had prohibited such recovery, the *Cavnar* court stated it was the intention of the court to fully compensate injured plaintiffs, expedite settlements and trials, and remove the incentives for defendants to delay as long as possible. The court also stated that awarding pre-judgment interest would not create incentives for plaintiffs to delay. *Cavnar,* 696 S.W.2d at 554.

We believe that the language employed in *Cavnar* suggests that if a plaintiff used dilatory tactics in bringing his case to trial, the trial court could give this consideration in deciding whether to award pre-judgment interest or in reducing the amount of pre-judgment interest awarded. This would be consistent with the general principles of equity.

However, the appellee's contentions, in the instant case, fail on two grounds. First, although approximately seven years had lapsed between the date suit was filed and the date of trial, there is no evidence that the appellant's motions for continuances were made in bad faith. Secondly, the appellee's assertion that the appellant's exorbitant demands resulted in pre-judgment interest which is greater than her actual damages cannot be confirmed in the record. The record does reflect that the appellee made settlement offers as high as $14,-000.00 five years prior to the time the jury awarded the appellant only $10,900.00 in damages; however, there is nothing in the record that reflects what amount the appellant was seeking to settle her case. Under such circumstances, the merits of the appellee's argument concerning the equities of the case can not be addressed.

Point of error number two is sustained.

The judgment of the trial court is reversed insofar as it refused to award pre-judgment interest on the damages awarded to the appellant, in all other respects the judgment of the trial court is affirmed. The case is remanded to the trial court for entry of judgment in accordance with this opinion.