The **STANDARD FIRE INSURANCE COMPANY**, Appellant,

v.

**Jimmie A. (Anne) MORGAN, Appellee.**

**No. 09 85 280 CV.**

Court of Appeals of Texas, Beaumont.

Oct. 9, 1986.

Rehearing Denied Oct. 29, 1986.

\*     \*     \*     \*     \*     \*

David B. Weinstein, Fulbright & Jaworski, Houston, for appellant.

Thomas N. Thurlow, Houston, for appellee.

## OPINION

DIES, Chief Judge.

This is a workers' compensation case in which plaintiff below, in a jury trial, recovered for temporary total and partial disability and some of her alleged medical expenses. The carrier, defendant below, appeals to this court on two points of error.

The first point of error complains "[Plaintiff] failed as a matter of law to establish a wage rate in accordance with the Texas Workers' Compensation Act...."

The challenge is that plaintiff failed to negative subsection 2,[1] of the three methods of proving a wage rate under the Act, before moving on to the third method (just and fair).[2] She had been paid compensation by the carrier before the lawsuit. The carrier made no attempt during the trial to dispute plaintiff's wages. Not only have a legion of appellate courts declared that this Act should be liberally construed, but only slight proof of the applicable wage rate is required where there is no real controversy, as here. *Gulf Ins. Co. v. Johnson*, 616 S.W.2d 320 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ dism'd by agr.); *Argonaut Southwest Insurance Company v. Morris*, 420 S.W.2d 760, 766 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.); *Consolidated Casualty Insurance Co. v. Jackson*, 419 S.W.2d 232 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.).

Chief Justice Hill recently convincingly stated why the Act should be liberally construed in *Navarette v. Temple Independent School District*, 706 S.W.2d 308, 309–310 (Tex.1986):

"In reviewing a workers' compensation case, this court has always recognized that because the injured employee, coming under the terms of the Workers' Compensation Act, is denied his common law rights, the Act should be liberally construed in the worker's favor. [citing authorities] If there be any reasonable doubt which may arise in a particular

1. TEX.REV.CIV.STAT.ANN. art. 8309, sec. 1(2) (Vernon 1967).

2. TEX.REV.CIV.STAT.ANN. art. 8309, sec. 1(3) (Vernon 1967).

case as to the right of the injured employee to compensation, it should be resolved in favor of such right. [citing authorities]"

Plaintiff served request for admissions on defendant, one of which follows:

*"Request No. 24:*

That there was employed by Plaintiff's employer at least one other employee of the same class as Plaintiff, in the same or similar employment as Plaintiff, in the same or a neighboring place, who worked at least 210 days during the year immediately preceding the date stated in Request No. 1."

■ To this inquiry the defendant responded, "Denied." We hold this was sufficient evidence, in the absence of any real controversy, to compute the wage rate under subsection 3 above cited. This point of error is overruled.

Defendant's second point of error complains that plaintiff failed to produce legally or factually sufficient evidence to prove good cause for filing her claim late.

■ The jury, believing plaintiff's testimony that her employer had assured her everything would be taken care of, and knowing she had been paid compensation as well as some medical bills having been paid, found good cause. This is sufficient evidence to warrant submission to the jury. *Texas Employers' Ins. Ass'n v. Herron,* 569 S.W.2d 549 (Tex.Civ.App.—Corpus Christi 1978, no writ), and authorities cited therein.[3] This point of error is overruled.

By reply point, the plaintiff argues that she is entitled to prejudgment interest on the unpaid medical expenses of $12,445.55. Plaintiff relies upon the recent case of *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985). The trial of the present case took place from May 14 through May 16, 1985. The Supreme Court's opinion in *Cavnar, supra,* was delivered on June 5, 1985. The judgment in the present case was signed September 9, 1985. The last paragraph in Justice Gonzalez's opinion in *Cavnar, supra,* reads:

"Our holding in this case applies to all future cases as well as those still in the judicial process involving wrongful death, survival and personal injury actions."

696 S.W.2d at 556.

■ We hold that a claim under the Workers' Compensation Act is a "personal injury action" within the meaning of the Supreme Court's opinion in *Cavnar, supra.* Of course the Act itself provides for interest on compensation payments. TEX.REV. CIV.STAT.ANN. art. 8306a (Vernon 1967). But, no mention is made of interest on "Medical services" in *section 7.* We hold that *Cavnar, supra,* applied to "Medical services" as provided for in TEX.REV.CIV. STAT.ANN. art. 8306, sec. 7 (Vernon Supp. 1986). Therefore, plaintiff is entitled to be awarded prejudgment interest on the unpaid medical expenses she incurred as a result of her injury. We hold that such prejudgment interest is to be calculated at the legal interest rate applicable on September 9, 1985, and that such interest began to accrue on December 27, 1979. *See Cavnar, supra.* The trial court's judgment only awarded plaintiff $6,845.00 in damages for such medical bills due to a stipulation that defendant had already paid a part of the plaintiff's medical expenses. Therefore, the prejudgment interest which the trial court shall award to plaintiff is to be calculated on the principal amount of $6,845.00.

The judgment of the trial court is affirmed in part and reversed and remanded in part. The trial court is instructed to modify its judgment in accordance with this opinion.

Affirmed in part and reversed and remanded in part with instructions.

---

**3.** Particularly, *Lee v. Houston Fire & Cas. Ins. Co.,* 530 S.W.2d 294 (Tex.1975). As for payment of compensation by the carrier, see *Continental Casualty Company v. Cook,* 515 S.W.2d 261, 263 (Tex.1974), cited on page 554 of *Herron, supra.*