**AZAR NUT COMPANY, Petitioner,**

v.

**Lorretta CAILLE, Respondent.**

**No. C–6212.**

Supreme Court of Texas.

July 8, 1987.

Rehearing Denied Sept. 16, 1987.

W.A. Thurmond and Jeffrey S. Alley (Scott, Hulse, Marshall, Feuille, Finger & Thurmond), El Paso, for petitioner.

Raymond C. Caballero (Caballero & Panetta), El Paso, Phillip D. Hardberger (Hardberger & Vega), San Antonio, for respondent.

ROBERTSON, Justice.

This case concerns whether punitive damages are recoverable under § 8307c of the Workers' Compensation Act.

Lorretta Caille, age 63, was hurt on the job when a file cabinet tipped over, allowing a flower pot on the top to strike her on the head. A few days after the accident Caille noted a ringing in her ears and began to complain of vertigo and headaches, none of which she had experienced before. When she filed a weekly status report which noted her ear problems and headaches, her supervisor rewrote the report and deleted all reference to those injuries.

Azar employees prepared Caille's first report of injury which mentioned only a cut on the hand and did not refer to any of the other injuries suffered by Caille. Caille went to an audiologist who discovered that she had a severe right ear impairment. When Caille prepared a supplement to the first report of injury, setting out in detail her ear injuries, the clerk or the company refused to sign it. That same clerk reported to the secretary of the company's president that Caille was doing something dishonest by reporting the ear injury. When Caille filed a notice of claim with the Industrial Accident Board, her supervisor walked into her office, threw her file on her desk and demanded an explanation. When she told him of her injuries he exclaimed "You have a real problem with me." When Caille tried to see the president and vice president of the company to explain her situation, they refused to see her or to even review her medical reports to determine the validity of her claim. Three weeks later, Caille's supervisor told her she was fired. Ed Azar, president of the company, testified that he thought the claim was false and that he would not keep an employee who had filed a false claim.

In answers to issues presented, the jury awarded $167,464 for lost wages and insurance benefits. The jury further found that Azar acted willfully and maliciously in discharging Caille, and thereafter awarded her $175,000 in punitive damages. The court of appeals, with one judge dissenting, affirmed at 720 S.W.2d 685.

Article 8307c § 1 provides that

No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmens' Compensation Act, or has testified or is about to testify in any such proceeding.

Article 8307c § 2 notes that an employer who "violates any provision of section 1 of this Act *shall be liable for reasonable damages suffered* by employee as a result of the violation." (emphasis added). Section 2 is the crux of this case. Azar contends that an employee cannot "suffer" punitive damages, thus such damages cannot be recovered under the statute. Caille argues that punitive damages are necessary to effectuate the underlying intent of the statute. We hold that punitive damages are available under article 8307c of the Workers' Compensation Act.

The first reason for our holding is the legislative intent behind article 8307c. As introduced, House Bill 113 originally provided that an employer who violates § 8307c "shall be liable for *damages* suffered by an employee." (emphasis added). On the second reading of the bill, however, the language was changed such that the employer would be liable for *"loss of earnings* suffered" as a result of the discharge. (emphasis added). A conference committee amendment deleted that phrase and amended the bill to include its present language, i.e., *"reasonable damages."* What is clear is that the legislature did not place any emphasis whatsoever on the word "suffered." Instead, all of the argument centered around the type of damages available: either "damages," "reasonable dam-

ages," or "loss of earnings." The legislature refused to limit the employee's recovery to economic loss alone, therefore a greater measure of damages was obviously intended. The term "damages" standing apart seems to be an unrestricted standard which would allow punitive damages, and such a definition was conceded by petitioner upon oral argument in this court. Thus, the question becomes whether by adding the word "reasonable" to the bill, the legislature intended to preclude punitive damages in this situation. We hold that it did not.

"Reasonable" is defined as "not immoderate; not excessive; not unjust; tolerable; moderate; sensible; sane." *Webster's New Twentieth Century Dictionary* 1502 (2d ed. 1975). "Reasonable" seems directed more to the amount of damages recoverable, or to the relation of injury to the damages awarded. Punitive damages, as a general principle, have long been seen as an important policy tool and a valid measure of damages. *Hofer v. Lavender,* 679 S.W.2d 470, 474–75 (Tex.1984) (discussing policy and history of punitive damages). We cannot see how the word "reasonable" could be read so as to exclude an entire class of damages normally available under Texas law.

Furthermore, such an exclusion would be against what we perceive to be the intent of the entire provision. Article 8307c § 3 of the Workers' Compensation Statute specifically empowers the district courts of this state to "restrain violations of the Act." The Supreme Court of Oklahoma, in construing an identical statutory provision as our article 8307c, concluded that

> We deem it proper and necessary that exemplary damages be assessed against an employer under appropriate circumstances in strict conformity with the purposes thereof, to prevent the practice [of retaliatory discharge.] In the absence of the deterrent effect of punitive damages, there would be little to dissuade an employer from engaging in the practice of discharging an employee for filing a workers' compensation claim.

*Webb v. Dayton Tire & Rubber Co.,* 697 P.2d 519, 523 (Okla.1985). We agree with such reasoning because the threat of punitive damages is inherently more likely to restrain bad faith employers from wrongfully terminating employees, and is therefore consistent with the purposes of the statute.

Finally, we consider TEX.REV.CIV. STAT.ANN. art. 6552–16a § 4 (Vernon Supp.1987), as support for the view we adopt today. In section four, the legislature explicitly provides for the award of punitive damages in cases in which a governmental employee is terminated for exposing a violation of law. Such a provision indicates that punitive damages are available against employers who terminate good-faith employees in a retaliatory manner, which is precisely the situation which we have addressed today.

In conclusion, we hold that punitive damages are envisioned by the legislature as within the ambit of "reasonable damages suffered by an employee." Thus, the holding of the court of appeals is in all things affirmed.

SPEARS, J., files a concurring and dissenting opinion in which HILL, C.J., and CAMPBELL, J., join.

CAMPBELL, J., files a concurring and dissenting opinion.

SPEARS, Justice, concurring and dissenting.

I concur in part and dissent in part. While I agree with the majority's holding affirming Caille's actual damage award, I would hold that she cannot recover punitive damages.

At common law the doctrine of employment-at-will prevented an employee who was discharged in retaliation for filing a workers' compensation claim from having a cause of action. The legislature adopted article 8307c § 1 as a statutory exception to employment-at-will; it prohibits the employer from firing the employee "because the employee has in good faith filed a claim ... under the Texas Workmen's Compensation Act." Section 2 of article 8307c pro-

vides: "A person who violates any provision of Section 1 of this Act shall be liable for *reasonable damages suffered by an employee* as a result of the violation." (emphasis added).

The issue in this cause is whether exemplary damages may be awarded under article 8307c § 2.[1] If a disputed statute is clear and unambiguous, extrinsic aids and rules of statutory construction are inappropriate and the statutory language should be given its common, everyday meaning and enforced accordingly. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983).

Exemplary damages are not included within the plain meaning of the statutory language "reasonable damages *suffered* by an employee." (emphasis added). "Suffered" means experienced, endured, felt, undergone, or sustained. *Consolidated Underwriters v. Foxworth*, 196 S.W.2d 87, 94 (Tex.Civ.App.—Beaumont 1946, no writ); WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY 2284 (1981). Exemplary damages are not compensation for damages "suffered" by a plaintiff; rather, they "are intended to punish the defendant and to set an example to others. ... They are assessed over and above the amount of damages necessary to indemnify the plaintiff." *Cavnar v. Quality Control Parking Inc.*, 696 S.W.2d 549, 556 (Tex.1985). The majority ignores this time-honored distinction.

North Carolina has a retaliatory discharge statute, N.C.Gen.Stat. § 97-6.1 (1979), which is patterned after article 8307c. In *Buie v. Daniel International Corp.*, 56 N.C.App. 445, 289 S.E.2d 118, *cert. denied* 305 N.C. 759, 292 S.E.2d 574 (1982), the North Carolina court of appeals was confronted with the identical question presented in this cause. The court held:

[T]he wording of the statute clearly limits recovery to damages "suffered by the employee" as a result of the employers violation of the Workers' Compensation Act. ... Punitive damages by their very nature are not damages "suffered" by anyone. Rather, they are damages awarded to punish a wrongdoer, over and above the amount required to compensate for the injury. Whether, as the plaintiff argues, the purpose of the Workers' Compensation Act would be better served by the threat of punitive damages for its violation is not for this Court to decide. We are bound by the wording of G.S. 97-6.1, and any amendment thereto is within the realm of the legislature.

*Id.* 289 S.E.2d at 119.

The majority relies on *Webb v. Dayton Tire & Rubber Co.*, 697 P.2d 519, 522-23 (Okla.1985) to support its holding. *Webb* is clearly distinguishable from the present case because the *Webb* court relied on Okla.Stat. tit. 23 § 9 (1981) in holding that the words "reasonable damages" included punitive damages. That statute provides:

Any action for breach of an obligation not arising on contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury in addition to actual damages, may give damages for the sake of example and by way of punishing the defendant.

The court concluded that in the absence of a clear expression of contrary legislative intent, title 23 § 9 controls and authorizes punitive damages. *Id.* at 525 (Opala, J., concurring). The "suffered" argument, relied on by the court in *Buie*, was not discussed in *Webb*. Texas has no statute similar to Oklahoma's title 23 § 9, thus the *Webb* case is not on point.

In those Texas statutes creating a cause of action for retaliatory discharge, the legislature has specifically provided for the recovery of exemplary damages. Article 6252-16a § 2 prohibits a state or local government from suspending or terminating the employment of a public employee because he made a good faith report of a violation of law. Tex.Rev.Civ.Stat.Ann. art. 6252-16a § 2 (Vernon Supp.1987). Section 4 of that statute states:

---

**1.** This is an issue of first impression in this court. We were unable to consider it in *Carnation Co. v. Borner*, 610 S.W.2d 450, 454–55 (Tex. 1981) because the issue was not properly preserved for review.

(a) A public employee who sues under this Act may recover:

   (1) actual damages;

   (2) exemplary damages;

   (3) costs of court; and

   (4) attorneys fees.

The legislature's failure to use similar language in article 8307c clearly indicates that exemplary damages were not intended to be recoverable under the statute. *See Sayre v. Mullins,* 681 S.W.2d 25, 27 (Tex. 1984).

This court is not responsible for omissions in legislation. *Seay v. Hall,* 677 S.W.2d 19, 25 (Tex.1984). We have the power to interpret and determine the constitutionality of a statute; however, "it would be a usurpation of our powers to add language to a law where the legislature has refrained." *Id.* The majority opinion violates these valid maxims by disregarding the plain meaning of the statute and rewriting the statute to further some vague disingenuous public policy goals. The legislature expressly limited worker's compensation retaliatory discharge damages to those "suffered" by the employee. Exemplary damages are not "suffered" by a plaintiff and thus should not be recoverable in suits brought under article 8307c. Accordingly, I dissent from that portion of the opinion affirming the award of punitive damages.

.HILL, C.J., and CAMPBELL, J., join in this concurring and dissenting opinion.

CAMPBELL, Justice, concurring and dissenting.

I concur that an employee discharged for good faith filing of a claim under the Worker's Compensation Act is entitled to reasonable damages suffered. I do not agree that "reasonable damages suffered" includes punitive damages.

Article 8307c, Section 1 creates a tort cause of action not previously recognized at common law. However, the statute does not recognize varying degrees of culpability or misbehavior in the act of firing. Is there a distinction between the methods of firing that gives rise to issues on punitive damages? Does it make a difference whether an employee is fired in a person-to-person confrontation, by telephone, or by a manager at the direction of the employer? I see no logical distinction between methods of firing; an employee is either on the payroll or not. Regardless of how the employee was discharged, the net result is that the employee was terminated for filing, in good faith, a worker's compensation claim. There is nothing about the method of firing or the act that gives rise to punitive damages.