The STANDARD FIRE INSURANCE
COMPANY, Petitioner,

v.

Jimmie A. (Anne) MORGAN,
Respondent.

No. C–5959.

Supreme Court of Texas.

Nov. 10, 1987.

David B. Weinstein, Fulbright & Jaworski, Houston, for petitioner.

Thomas N. Thurlow, Thomas N. Thurlow & Associates, Inc., Houston, for respondent.

## OPINION

HILL, Chief Justice.

We granted writ in this workers' compensation case to review the court of appeals' holding that prejudgment interest was recoverable on medical expenses owed. We reverse that holding, but otherwise affirm the judgment of the court of appeals.

On June 27, 1979, Jimmie Morgan was injured while working as a salesperson for Jim Walters Homes. The Standard Fire Insurance Company, which provided workers' compensation insurance for Jim Walters Homes, paid Morgan compensation benefits and some of her medical expenses. Morgan filed suit to obtain additional compensation and medical benefits from Standard.

Following a jury trial, the trial court rendered judgment that Standard pay Morgan $26,460 for past due compensation benefits, $3,078 for the prejudgment interest that accrued on the past due benefits, $6,854 for medical expenses that Standard had refused to pay, all of her future medical expenses, and $9,095 for attorneys' fees. The court of appeals affirmed the trial court's judgment in part and reversed and remanded in part. 718 S.W.2d 880. Standard argues that the judgment of the court of appeals should be reversed because (1) there was no evidence to support the jury's finding that Morgan had good cause for filing her claim late; (2) Morgan did not properly establish her average weekly wage rate; and, (3) Morgan is not entitled to recover prejudgment interest on her medical expenses.

## TIMELINESS OF MORGAN'S CLAIM

■ When Morgan's injury occurred, the Workers' Compensation Act provided that an injured employee could not initiate a proceeding for compensation or medical benefits unless he either filed a claim before the Industrial Accident Board within six months of his injury or showed good cause for filing an untimely claim. TEX. REV.CIV.STAT.ANN. art. 8307, § 4a (Vernon 1967): *see Lee v. Houston Fire and Casualty Ins. Co.*, 530 S.W.2d 294, 296 (Tex.1975). In this case, the jury found that Morgan was injured on June 28, 1979. The trial court determined that, as a matter of law, Morgan filed a claim with the Industrial Accident Board on July 22, 1980. Neither of these findings is disputed by either party. However, Standard does contend that there is no evidence to support the jury's finding that Morgan had good cause for filing her claim nearly 13 months after her injury. We disagree.

In determining whether there is any evidence to support a jury's finding, "an appellate court must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary." *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In addition, "this court has always recognized that because the injured employee, coming under the terms of the Workers' Compensation Act, is denied his common law rights, the Act should be liberally construed in the worker's favor." *Navarette v. Temple Indep. School Dist.*, 706 S.W.2d 308, 309 (Tex.1986). Morgan testified that, at the time of her injury, her employer promised that "everything would be taken care of." On the basis of this testimony, the jury could properly conclude that Morgan reasonably believed that her employer would file her claim before the Industrial Accident Board in a timely manner. *See Lee*, 530 S.W.2d at 297 (reliance on employer's statements may constitute good cause for filing late). We therefore affirm the court of appeals' judgment to the extent it held that there was some evidence of good cause for Morgan's late filing.

## MORGAN'S AVERAGE WEEKLY WAGE RATE

■ The amount of past due compensation benefits that an injured employee is entitled to recover is based, in part, on his

average weekly wage rate; thus, he cannot recover any past due benefits in excess of the minimum statutory benefits unless he properly establishes his average weekly wage. *See, e.g., Aetna Ins. Co. v. Gidden,* 476 S.W.2d 664, 665 (Tex.1972). Standard argues that Morgan should not be allowed to recover past due compensation benefits because her average weekly wage rate was not legally established. We disagree.

■ Pursuant to TEX.R.CIV.P. 169, Morgan requested Standard to admit, *inter alia,* the following two facts: (1) Standard employed "at least one other employee of the same class as [Morgan], in the same or similar employment as [Morgan], in the same or a neighboring place, who worked at least 210 days during the year immediately preceding the date [of Morgan's injury]," and (2) that employee "had an average daily wage of at least $60 during the period that she worked in the year next preceding the date [of Morgan's injury]." Standard did not mail the answers to these requests to Morgan within 10 days of receiving them. Nor did Standard serve the answers to the requests on Morgan within 10 days of receiving them. Thus, under the rules of procedure in effect during the trial of this cause, Standard was deemed to have admitted the truth of the requests. TEX.R.CIV.P. 169(1). And, because Standard never requested the trial court to withdraw or amend the admissions, the admitted facts were conclusively established. TEX.R.CIV.P. 169(2). As incontestable facts, these admissions establish that Morgan's average weekly wage rate was, as a matter of law, at least $346. TEX.REV. CIV.STAT.ANN. art. 8309, § 1(2) (Vernon 1967).

Of course, a jury could not award Morgan a greater average weekly wage rate than the rate she pleaded. *E.g., Socony Vacuum Oil Co. v. Aderhold,* 150 Tex. 292, 300, 240 S.W.2d 751, 756 (1951) (judgment must conform to the pleadings). In her pleading, Morgan claimed her wage rate had been $60 a day. Thus, under her pleadings, a jury could not have awarded her a weekly wage rate in excess of $346. Therefore, because Standard could not ar-

gue that Morgan's average weekly wage rate was less than $346 and Morgan was not entitled to receive more than $346, we hold that Morgan's average weekly wage rate was established at $346 as a matter of law.

At the time of Morgan's injury, an employee with an average weekly wage rate of $346 was entitled to receive $105 in compensation benefits for each week of total incapacity. TEX.REV.CIV.STAT. ANN. art. 8306, §§ 10, 29 (Vernon Supp. 1987). Thus, Morgan was entitled to $105 in benefits for each week she was totally incapacitated. And, given the jury's finding that Morgan only had a weekly earning capacity of $150 during the time she was partially incapacitated, Morgan was also entitled to receive $105 for each week she was partially incapacitated. TEX.REV. CIV.STAT.ANN. art. 8306, §§ 11, 29 (Vernon Supp.1987).

■ The trial court's judgment that Morgan was entitled to $26,460 for past due compensation benefits was based on the jury's finding that Morgan's average weekly wage rate was $375. Using the average weekly wage rate of $375 in its calculations of Morgan's compensation benefits, the trial court determined that Morgan was entitled to receive $105 for each week she was either totally or partially incapacitated. The trial court then calculated the amount of benefits due Morgan by multiplying $105 times the number of weeks she was either totally or partially incapacitated.

Although the trial court should have used the $346 wage rate established as a matter of law to calculate Morgan's compensation benefits rather than submitting an issue to the jury, the trial court correctly concluded that Morgan was entitled to receive $105 for each week she was partially or totally incapacitated. Accordingly, Standard had no basis for complaining against the trial court's calculation of the weekly benefits due Morgan. We therefore affirm, although on different grounds, the judgment of the court of appeals insofar as it upholds Standard's liability for Morgan's compensation benefits.

## PREJUDGMENT INTEREST ON MEDICAL EXPENSES

■ Morgan argues that she is entitled to recover prejudgment interest on all the medical expenses she incurred prior to the trial court's judgment. Relying on *Cavnar v. Quality Control Parking Inc.*, 696 S.W.2d 549 (Tex.1985), the court of appeals held that Morgan was entitled to recover prejudgment interest on the $6,845.00 in medical expenses which Standard had not paid prior to the trial court's judgment. Standard argues that Morgan cannot recover any prejudgment interest on her medical expenses because the Workers' Compensation Act does not permit recovery of such interest. We agree.

Although Article 8306a of the Act allows recovery of prejudgment interest on "past due weekly installments," this Court has already recognized that a "worker cannot recover pre-judgment interest on past medical expenses because such expenses are not 'past due weekly installments' within the meaning of article 8306a." *Martinez v. Highlands Ins. Co.*, 644 S.W.2d 442, 442 (Tex.1982). Unlike the Wrongful Death Act discussed in *Cavnar*, the Legislature has enacted an exact compensation scheme within the Workers' Compensation Act. The court of appeals' reliance on *Cavnar* under the circumstances of this case is misplaced. Thus, Morgan is not entitled to recover prejudgment interest on any of the medical expenses she incurred. *Id.*

Accordingly, we reverse the court of appeals' judgment in part and render judgment that Morgan is not entitled to any prejudgment interest on her medical expenses. We affirm all other aspects of the judgment of the court of appeals.

ROBERTSON, J., concurs and dissents in an opinion joined by RAY and MAUZY, JJ.

ROBERTSON, Justice, concurring and dissenting.

Although I concur with the majority on the issues of good cause and average weekly wage rate, I respectfully dissent from the majority's treatment of prejudgment interest on Morgan's unpaid medical expenses.

The court of appeals justified its award of prejudgment interest on unpaid medical expenses by relying on this Court's opinion in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). In *Cavnar*, we held that one of the primary justifications behind awarding prejudgment interest is to make the plaintiff whole. *Cavnar*, 696 S.W.2d at 552. Specifically, prejudgment interest compensates the plaintiff for the lost opportunity to invest and earn interest on the damages between the time of the occurrence and the time of the judgment. *Id.* In this case, the Industrial Accident Board denied Morgan's claim on March 9, 1983. From this point on, Standard Fire refused to pay Morgan's medical expenses. On September 9, 1985, however, the trial court entered its judgment awarding Morgan, among other things, $6,854 for her unpaid medical expenses. In effect, then, Morgan has been denied the use of these funds for over two and one half years. Additionally, Standard Fire has had the chance to invest these funds during this same period. To reject Morgan's claim for prejudgment interest on her unpaid medical expenses would be to countenance the exact type of denial of compensation which we expressly denounced in *Cavnar*. Standard also argues that since the Workers' Compensation Act is silent as to prejudgment interest on all damages except "past due weekly installments," we cannot award prejudgment interest on unpaid medical expenses and comply with the intent behind TEX.REV.CIV.STAT.ANN. 8306a (Vernon Supp.1987). In *Azar Nut Co. v. Caille*, 734 S.W.2d 667 (Tex.1987), this Court held that punitive damages are recoverable under the Workers' Compensation Act. *Azar Nut. Co.*, 734 S.W.2d at 667. This holding was premised on the belief that punitive damages, although not specifically enumerated under the Act, would effectuate the underlying intent of the statute in question. *Id.* We have a similar situation before us today. The statute allowing for prejudgment interest under the Act does not specifically authorize such an award based upon unpaid medical

**314**

expenses. *See* TEX.REV.CIV.STAT.ANN. 8306a (Vernon Supp.1987). This Court, however, has recognized that the Act should be liberally construed in the worker's favor so that any reasonable doubt concerning an injured employee's right to compensation is resolved in favor of such right. *Navarette,* 706 S.W.2d at 309–10. In this case, a reasonable doubt indeed exists as to Morgan's right to compensation. Although art. 8306a is silent as to prejudgment interest on unpaid medical expenses, if we disallow this element of compensation, we will run afoul of our holdings in both *Cavnar* and *Navarette.* Not only will Standard be afforded the luxury of using Morgan's money *interest free* for nearly three years, but, moreover, we will extinguish a form of compensation rightly available under a broad reading of the Act.

As for Morgan's pleadings for prejudgment interest, they were sufficient to sustain such an award. Morgan prayed for "the amount alleged due for medical, nursing and hospital services, and medicine, *plus all interest due ...*" (emphasis added). Such a pleading is clearly distinguishable from those under which prejudgment interest has been denied. *See Desoto v. Matthews,* 714 S.W.2d 133, 134 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (prayer for "interest on said judgment at the legal rate" will not support award of prejudgment interest); *Texas Indus. v. Lucas,* 715 S.W.2d 683, 687 (Tex.App.—Houston [14th Dist.] 1986, no writ) (prayer for general relief insufficient by itself to support prejudgment interest award).

Accordingly, I dissent from the majority's treatment of the issue of prejudgment interest on Morgan's unpaid medical expenses.

RAY and MAUZY, JJ., join in this concurring and dissenting opinion.