Bonnie FUCHS, Plaintiff,

v.

LIFETIME DOORS, INC., Defendant.

Civ. No. W–88–CA–252.

United States District Court,
W.D.Texas,
Waco Division.

July 26, 1989.

---

Bill Jones, Liddell, Sapp, Zivley, Hill & LaBoon, Houston, Tex., for plaintiff.

William L. Keller, Allen Butler, David A. Scott, Clark, West, Keller, Butler & Ellis, Dallas, Tex., Frederick DeB. Bostwick, III Naman, Howell, Smith & Lee, Waco, Tex., for defendant.

## ORDER

WALTER S. SMITH, Jr., District Judge.

This action was removed to federal court pursuant to 28 U.S.C. Section 1441. Jurisdiction is based upon diversity of citizenship, 28 U.S.C. Section 1332.

Plaintiff alleges that she was terminated from her employment by the Defendant as a result of service on a civil jury, a violation of Section 122.001 of the Texas Civil Practice and Remedies Code. Plaintiff requests lost wages, medical and insurance benefits, punitive damages and attorneys fees. Defendant moves for partial summary judgment on the basis that the statute in question limits Plaintiff's possible recovery to six months' compensation, calculated at the rate at which Plaintiff was compensated at the time of her termination.

### I. *Summary Judgment*

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The party seeking summary judgment bears an "exacting burden of demonstrating that there is no actual dispute as to any material fact in the case." *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.,* 669 F.2d 1026, 1031 (5th Cir.1982).

■ In determining whether the movant has met its burden, the Court must view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing summary judgment. *See id.* at 1031. All reasonable doubts as to the existence of a genuine issue of material fact must be resolved against the movant. *See id.* at 1031; *Jones v. Western Geophysical Co. of America,* 669 F.2d 280, 283 (5th Cir.1982). When determining whether to grant summary judgment, the Court is merely determining whether a factual dispute exists and is not required to resolve those disputes. *See Jones,* 669 F.2d at 283. The fact that it appears to the Court that the non-movant party is unlikely to prevail at trial or that the movant's statement of facts appears more plausible is not a reason to grant summary judgment. *See id.* at 283.

■ Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond with any factual assertion that would preclude summary judgment. *See Cleckner v. Republic Van & Storage Co.,* 556 F.2d 766, 771 (5th Cir.1977). Rule 56(e) of the Federal Rules of Civil Procedure provides that "[w]hen a motion for summary judgment is made and

supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." In this respect, the burden on the non-moving party is not especially heavy; however, he must show specific facts that present a genuine issue of material fact worthy of trial rather than showing mere general allegations. *See Gossett v. Du–Ra–Kel Corp.*, 569 F.2d 869, 872 (5th Cir.1978).

## II. *At–Will Employment*

Texas recognizes the doctrine of at-will employment. When an employee is hired for an indeterminate period of time, that employment is termed "at-will" and either party may terminate the employment at any time. *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex.1985); *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888).

■ Section 122.001 of the Texas Civil Practice and Remedies Code creates an exception to this general rule by creating a cause of action in favor of the employee when the termination of the employee is motivated by that employee's service on a jury. Tex.Civ.Prac. & Rem.Code 122.001. As the statute creates a new cause of action, the statute must be strictly construed. *Dutcher v. Owens*, 647 S.W.2d 948, 951 (Tex.1983).

## III. *Statutory Construction*

The goal of all statutory construction should be to arrive at the intent of the legislature. *Crimmins v. Lowry*, 691 S.W.2d 582, 584 (Tex.1985). Generally, the intent of the legislature may be found in the language of the statute itself, and the court construing the statute is not responsible for correcting perceived omissions by the legislature. *Seay v. Hall*, 677 S.W.2d 19, 25 (Tex.1984). If the language of the statute is clear and unambiguous, the court is to give effect to the plain meaning of the

words used by the legislature. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983).

■ The statute at issue in the present case provides that "[a] private employer may not terminate the employment of a permanent employee because the employee serves as a juror." Tex.Civ.Prac. & Rem. Code section 122.001(a). The statute further provides that "[a] person who is injured because of a violation of this chapter is entitled to damages, but the damages may not exceed an amount equal to six months' compensation at the rate which the person was compensated when summoned for jury service." Tex.Civ.Prac. & Rem. Code section 122.002(a). The clear intent of the statute is to create an exception to the employment at-will doctrine, and to limit any damages recoverable to an amount equal to six months compensation. Tex. Civ.Prac. & Rem.Code section 122.002.

The Texas Supreme Court has held that when the legislature uses the word "damages" it encompasses a wide range of remedies, including punitive damages. *See, Carnation Co. v. Borner*, 610 S.W.2d 450, 454 (Tex.1980); *Azar Nut Co. v. Caille*, 734 S.W.2d 667, 669 (Tex.1987). Therefore, whether Plaintiff's damages are classified as actual or punitive, she is limited to a recovery equal to six months' compensation at the rate at which she was compensated when terminated from employment.

## IV. *Compensation*

The question then becomes what constitutes compensation. Generally, compensation is the salary paid and any benefits received. *See, e.g.*, 26 U.S.C. 105. (Internal Revenue Code). Thus, under the statute, the maximum amount recoverable by Plaintiff would be the salary paid, plus any benefits, at the time of her termination. Tex.Civ.Prac. & Rem.Code section 122.002. However, in order to recover, the Plaintiff must be one "who is injured." *Id.* Injured is not defined by the legislature, thus the ordinary meaning is used. *Hopkins v. Spring Independent School District*, 736 S.W.2d 617, 619 (Tex.1987). Webster's dictionary defines injure as "to do physical harm or damage to" and "to wrong or

deeply offend." *Webster's New Twentieth Century Dictionary* 944 (2d ed.1983).

■ Viewing all of the summary judgment evidence, the Court is of the opinion that Plaintiff is not "injured" as to the insurance and medical benefits. Defendant has continued to pay insurance benefits since the date of her termination. Thus, assuming *arguendo* Defendant's liability for violation of section 122.001, Plaintiff is not injured and cannot recover insurance and medical benefits as actual damages.

However, the statute limits "damages" to six months' compensation, which includes those benefits. Thus, the total amount of damages recoverable by Plaintiff is limited by statute to six months compensation. Defendant's liability, if proven at trial, will be limited to the amount shown to be six months' compensation which Plaintiff was receiving at the time of her termination plus reasonable attorney fees. As the statute is clear in its limitation of Plaintiff's possible recovery, and no "genuine issue of material fact" exists regarding that point, (Fed.R.Civ.P. 56(c)), Defendant's motion for partial summary judgment is, therefore, GRANTED.

IT IS SO ORDERED.