**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**Jesus CORONADO, Appellee.**

No. 15334.

Court of Civil Appeals of Texas, San Antonio.

Jan. 29, 1975.

Rehearing Denied March 12, 1975.

Groce Locke & Hebdon, James D. Guess, San Antonio, for appellant.

Pat Maloney, San Antonio, for appellee.

CADENA, Justice.

This is a Workmen's Compensation case in which defendant, Texas Employers Insurance Association, appeals from a judgment, based on a jury verdict, awarding plaintiff, Jesus Coronado, recovery for permanent and total disability.

Plaintiff sustained the alleged injury in July, 1970. The undisputed evidence establishes that plaintiff's claim for compensation was not filed with the Industrial Board until January 31, 1972. Article 8307, § 4a, Vernon's Tex.Rev.Civ.Stat.Ann. (1967), requires that, absent good cause for delay, a claim for compensation be filed within six months after the occurrence of the injury. Defendant specifically denied, under oath (1) that the claim had been filed within six months after the injury, and (2) that good cause existed for plaintiff's failure to file the claim prior to January 31, 1972.

Plaintiff was in charge of about 17 employees in the cooking room of a Del Monte Foods, Inc., plant in Crystal City. He contends that his injury occurred in July 1970, when his employer initiated the use of "Oakite–64," a detergent, in the cleaning of the cooking room. According to plaintiff, immediately after the first use of the detergent he began feeling a rash around his ankles, which he immediately reported to his supervisor, who took him to the plant superintendent. The superintendent examined plaintiff's leg and sent him to a Dr. Smith, a physician practicing in Crystal City. Plaintiff further testified that Dr. Smith, after treating him without apparent success for about two weeks, referred him to a skin specialist, Dr. Strauch, in San Antonio.

There is testimony to the effect that plaintiff's condition worsened, although he continued working for Del Monte. His ankles were swollen, he experienced pain in his legs, groin and back, as well as in his ankles. He testified that, because of his injury, he was unable to continue working and left his employment in March,

1971. According to his testimony, he has been unable to work since March, 1971.

Plaintiff testified that after his injury in July, 1970, he discussed filing a claim for compensation with Eddie Mayer, one of Del Monte's employees whom plaintiff identified as the person who "represented the insurance" at the plant. According to plaintiff, he was assured by Mayer that he, Mayer, would take care of the matter and file the claim on plaintiff's behalf. Plaintiff also testified that at some subsequent unidentified date, he was told by Mayer that the claim had been filed and that he believed and relied on Mayer's representations.

In fact, no claim was ever filed by plaintiff or by anyone on his behalf until January 31, 1972, some 18 months after the claimed injury and about nine months after plaintiff, according to his testimony, was forced to leave Del Monte's employ because of the incapacity resulting from the injury.

The jury found that plaintiff believed that Mayer had filed a claim for compensation on plaintiff's behalf (issue no. 7) and that such belief by plaintiff continued until January 31, 1972, the day on which plaintiff actually filed his claim. In answer to issue no. 8, the jury found that such belief on plaintiff's part constituted "good cause . . . for his failure to file his claim with the Industrial Accident Board on January 31, 1972 when same was filed."

In its motion for instructed verdict defendant contended, among other things, that there was no evidence of the existence of good cause for plaintiff's failure to file his claim before January 31, 1972. In its brief, defendant complains of the failure of the trial court to grant the motion for instructed verdict, and presents a separate point to the effect that plaintiff failed to secure a finding to the effect that there existed good cause for such delay, and that no such finding could be implied because there was no evidence of good cause.

Defendant contends that a jury finding to the effect that plaintiff had good cause for not filing his claim *on* the day that it was in fact filed is a meaningless or immaterial finding and does not constitute a finding to the effect that plaintiff had good cause for his delay in filing the claim. The manner in which the good cause question was submitted is, at best, inartistic. Cf. 2 Texas Pattern Jury Charges 24.02 (1970). Even if it be assumed that the jury's answers to the three issues relating to good cause can reasonably be interpreted as a finding that plaintiff had good cause for not filing his claim within six months, and that such good cause for delay extended to the day on which the claim was actually filed, we hold that the evidence was legally insufficient to sustain such finding.[1]

■ We accept as warranted by the evidence the findings by the jury to the effect plaintiff believed that a claim for compensation had been filed on his behalf by Mayer (issue no. 7), and that such belief continued until January 31, 1972, the day that plaintiff filed his claim. But we hold that, as a matter of law, the evidence does not support a finding of good cause.

We do not have here a case where plaintiff in good faith believed that his injuries were trivial and filed his claim upon realizing his mistake. Plaintiff testified that after the appearance of the rash he requested that he be assigned lighter work and he was assigned to a job which required less walking and permitted him to work sitting down. While he testified that the rash disappeared for a while, he stated that even during period of remission his legs were swollen and his back hurt. Further, according to his testimony, by March, 1971, his condition had deteriorated to the extend that he was no longer able to perform his duties and he left his employment. He stated that he had been unable to work since then. There is no testimony to the effect that he was misled by doctors, or by any other persons concerning the seriousness of his injury or its compensable nature. There is no evidence that he was free of incapacity until shortly before he filed his claim. Nor is this a case where the insurance carrier recognized its obligation and made payments to plaintiff during the time that the filing of the application was delayed, with the claim being filed shortly after such payments were discontinued.

Stated briefly, plaintiff's claim of good cause for failure to file his claim is based solely on the fact that Mayer promised to file a claim on plaintiff's behalf and that subsequently Mayer assured plaintiff that the claim had been filed. The record gives no hint of the date on which plaintiff was assured that the claim had been filed.

The test of good cause for delay "is that of ordinary prudence." Consolidated Casualty Insurance Company v. Perkins, 154 Tex. 424, 279 S.W.2d 299, 302 (1955). Here, plaintiff knew that he had been injured. He knew that he had a claim for compensation. We conclude that a person of ordinary prudence would not remain totally inactive and unconcerned about this claim as long as plaintiff did here in sole reliance upon his employer's representation, particularly where, as here, he had received no compensation or medical payments.

■ Even if it be conceded that good cause existed from the date of the injury in July, 1970, until plaintiff became unable to work in March, 1971, because of the fact that during this time plaintiff continued to work and received the same wages that he received prior to his injury, on the theory that he believed that his wages were being paid in lieu of compensation, there is no showing of good cause for the delay after March, 1971, when he realized he was unable to continue working. It was not sufficient for plaintiff to show that he had good cause for failure to file the claim during the prescribed six-months period.

1. Defendant did not object to the form of special issues 7, 7A, or 8.

It was incumbent on him to show the existence of good cause "extending up to the time he" filed his claim. Jones v. Texas Employers Insurance Association, 128 Tex. 437, 99 S.W.2d 903, 904 (1937).

During the period of nine months from March, 1971, until January, 1972, plaintiff was unable to work because of his injury. He received no pay from his employer. He received no compensation from the insurance carrier. His medical bills were not paid. He received no communication from the Industrial Accident Board. He received no communication from a representative of the insurance carrier. Under these circumstances, plaintiff's delay cannot be classified as the exercise of ordinary prudence.

In view of our holding on the question of good cause, it would serve no useful purpose to consider defendant's other points of error.

The judgment of the trial court is reversed and judgment is here rendered that plaintiff take nothing.