**Kaiser TOMA, Appellant,**

v.

**Ruff AHDERS and Ruff Ahders Associated, Appellees.**

No. 08–88–00279–CV.

Court of Appeals of Texas, El Paso.

March 22, 1989.

Rehearing Denied May 17, 1989.

Dan Sullivan, Andrews, for appellant.

James P. Boldrick, Miles R. Nelson, Boldrick & Clifton, Midland, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment in favor of the Defendants. The judgment terminated a legal malpractice action against them. We reverse.

On October 6, 1981, the Appellant who was a welder, allegedly wrenched his back while tightening a winch. He informed his supervisor of the injury. He was treated with pain suppressing drugs at a nearby hospital and did not return to work for approximately four months. Within a month of the incident, he testified that he signed a claim for compensation in the presence of his employer and supervisor. The employer volunteered to process the claim for the claimant as he did not read or

write the English language. He subsequently returned to his employment but worked only at light duties. His hours of employment were reduced, and he was eventually discharged on July 19, 1982, because the employer stated "they had a slow job." He collected unemployment compensation. His only other post injury employment was that of a dishwasher in a restaurant for two months in 1983. In July 1984, he contacted a medical doctor in regard to his back pain, and the doctor referred him to Appellee for legal consultation. On July 23, 1984, a worker's compensation claim was actually filed. This was some two years and nine and one-half months after the injury. The Texas Industrial Accident Board (TIAB) accepted the claim, reviewed it for one year and on July 11, 1985, denied coverage for the reason that Appellant's evidence:

> [F]ails to establish that the claimant sustained a compensable injury in the course of employment with employer herein as alleged.

According to the Appellant, the Appellee had represented him before the TIAB but had negligently failed to notify him that his claim had been denied or to instigate an appeal from the adverse ruling. The trial court rendered summary judgment against the Appellant on the grounds that as a matter of law, any and all damages incurred were from the sole proximate cause of Appellant's failure to file his claim for compensation in a timely fashion or show good cause for this failure.

Points of Error Nos. One and Two attack the trial court's judgment on these two matters. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546 (Tex.1985).

A claimant is presumed to know that a claim must be presented within six months of the accident, ignorance of the six month filing requirement will not excuse a failure to comply. [This period was subsequently extended to one year, Tex.Rev.Civ. Stat.Ann. art. 8307, sec. 4a (Vernon Supp. 1989, eff. Aug. 29, 1983)]. When a claim has not been properly presented within the six month period, good cause must continue to the date when the claim is actually filed. The term "good cause" for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. *Lee v. Houston Fire And Casualty Insurance Company,* 530 S.W.2d 294 (Tex.1975).

In *Allstate Insurance Company v. King,* 444 S.W.2d 602 (Tex.1969), an injured employee filed no claim seeking compensation until approximately sixteen months after injury. He was fully aware of the seriousness of his injuries and of his incapacity. He received no benefits of any kind from either his employer or the insurance company after he had ceased working, which was approximately two months after the injury. Although there was no affirmative misrepresentation by the employer, the employee believed the employer would process and handle his insurance claims for injuries. The Court held that this assumption was based upon ignorance of the law and could not be urged as good cause for the delay.

Another case in which there was a long delay in the filing of the claim is *Lee v. Houston Fire And Casualty Insurance Company,* 530 S.W.2d 294 (Tex.1975). The claimant was a fifty-six-year-old painter with a sixth grade education. He was an eighteen year employee who had enjoyed a trust and friendship with his employer over those years and was approximately thirty-seven months tardy in processing his claim. He had been assured by both his employer

and supervisor that the proper papers had been filed in his behalf. Months after the accident, the insurance company paid in full his medical bills. Many months thereafter, the insurance company was attempting to negotiate a settlement with the claimant. The Court held there was sufficient evidence to take the question of good cause to the jury.

If there is any evidence of care and prudence in the prosecution of the claimant's rights, the sufficiency of the evidence is a question for the jury. A lack of diligence may be determined against the claimant as a matter of law only when the evidence, construed most favorable for the claimant, admits no other reasonable conclusion. *Lee v. Houston Fire And Casualty Insurance Company,* 530 S.W.2d 294 (Tex.1975); *Texas Employers' Insurance Association v. Herron,* 569 S.W.2d 549 (Tex.Civ.App.—Corpus Christi 1978, no writ). In that case, a twelve and one-half months' delay was supported by good cause based on the claimant's twenty-year employment with the company, a close relationship between the employee and his employer and the repeated assurances by the employer that the claim was taken care of. Also, the claimant had started receiving workers' compensation benefits shortly after his injury.

Mere assurance by the employer that the claim has been filed and reliance thereon by the employee, where no compensation or medical payments had been advanced, has been held as a matter of law to fail to establish diligence in a nineteen month delay case. *Texas Employers' Insurance Association v. Coronado,* 519 S.W.2d 517 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). The Court stated a person of ordinary prudence would not remain totally inactive and unconcerned during the protracted period of unresponsive action. Also, there was no date in the record on which the claimant was assured by his employer that his claim had been filed.

█ On the date of the accident, evidence disclosed the Appellant to be a twenty-eight-year-old refugee from the country of Iraq. He had lived in the United States for approximately one year. He had attained a ninth grade education in his native country. He spoke or understood little or no English. He was told by his employer that because of his ignorance of workers' compensation laws and his inability to speak English, the employer would take care in seeing his claims were filed. He stated he was frightened and had no money for legal or medical fees. We may not look to the claimant's ignorance of the law in evaluating prudence, but we must look at his totality of conduct in his extended reliance on his employer to file the proper papers on his behalf. While it is true that in the case of *Texas Employers' Insurance Association v. Coronado,* 519 S.W.2d 517 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.), the Court held a person of ordinary prudence would not have remained inactive and unconcerned for some nineteen months, the claimant in that case was in charge of about seventeen employees. We might surmise from this that he had been employed by the company for some time. If he was not a U.S. citizen, it is probable that he had been assimilated into that community and was familiar with the routines and practices surrounding his employment. In construing the sparse evidence before us most favorably to the Appellant, we can not say as a matter of law that a reasonably prudent person of Appellant's background would not have relied for so long on his employer's representations. Points of Error Nos. One and Two are sustained.

The judgment of the trial court is reversed and the case is remanded for trial.