## AETNA CASUALTY & SURETY COMPANY, Appellant,

v.

## James A. HARJO, Doug Cherry and Reed Morgan, Appellees.

### No. 09–88–110–CV.

Court of Appeals of Texas, Beaumont.

March 2, 1989.

Van Gardner and Randall D. Wilkins, Bellaire, for appellant.

Reed Morgan, for appellees.

## OPINION

BURGESS, Justice.

This is a suit growing out of the settlement of a personal injury suit. James Harjo suffered an on-the-job injury and received workers' compensation from Aetna. Harjo, through the law firm of Cherry and Morgan, then filed a third-party action. Aetna intervened to protect its subrogation interest. The suit was settled for $1,850,-000. The trial court awarded Aetna $296,-566. Cherry and Morgan requested, from Aetna's award, attorney's fees of 33⅓% and out-of-pocket litigation expenses of $74,574. The trial court awarded them attorney's fees of $118,566 and half of the litigation expenses. Aetna appeals only the award of $37,297 in litigation expenses.

Aetna argues there is no statute or rule permitting such an award. Aetna relies upon the recent cases of *Standard Fire Ins. Co. v. Morgan*, 745 S.W.2d 310 (Tex. 1987) and *Jones v. Liberty Mutual Ins. Co.*, 745 S.W.2d 901 (Tex.1988) for the proposition that the Workers' Compensation Act is an exact compensation scheme enacted by the legislature and there is no provision in the Act for the recovery or even sharing of litigation costs. We agree.

While there may be many equitable arguments for sharing or prorating litigation costs between the claimant and the carrier, these considerations were apparent when the legislation was initially enacted and subsequently amended. A court cannot judicially amend a statute and add words which are not implicitly contained in the language of the statute. Only when it is necessary to give effect to the clear legislative intent can a court insert additional words into a statutory provision. *Jones,*

745 S.W.2d at 902. It is clear the legislature intended the carrier to receive its subrogation claim first, subject to reasonable attorney's fees. *TEX.REV.CIV.STAT. ANN. art. 8307, sec. 6a* (Vernon Supp. 1989). It simply made no provision for litigation costs, nor can we. The judgment is reformed to delete the award of litigation costs.

REVERSED AND RENDERED.