**HARTFORD ACCIDENT & INDEMNITY, Appellant,**

v.

**Robert COLLINS, Appellee.**

No. 13–93–386–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 8, 1994.

Rehearing Overruled March 9, 1995.

Loren R. Smith, Hughes, Watters & Askanase, Houston, for appellant.

Rose Vela, Douglas A. Allison, Allison & Huerta, Corpus Christi, R. Clay Hoblit, Chavez, Gonzales & Rodriguez, Corpus Christi, for appellee.

Before KENNEDY, FEDERICO G. HINOJOSA, Jr., and YAÑEZ.

### OPINION

KENNEDY, Justice.

Hartford Accident and Indemnity Company appeals an order that apportioned expenses between Robert Collins and Hartford, his employer's workers' compensation carrier. We reverse and render.

Collins was injured when he slipped on some gel at a Reynolds Metals Company facility. When injured, he was within the course and scope of his employment with a subcontractor of Reynolds. Hartford paid approximately $93,000 in benefits.

Collins sued Reynolds for negligent maintenance of the premises and failure to inspect and discover an unreasonable, dangerous condition. Hartford intervened claiming a worker's compensation lien on Collins's recovery. Hartford and Collins agreed to settle with Reynolds for $100,000. Collins and Hartford agreed to split the proceeds evenly.

Collins then moved for apportionment of expenses. In the motion, Collins stated that Collins agreed that he would not seek attorney's fees out of Hartford's $50,000 recovery.[1] He stated that the agreement did not cover expenses. Collins attached an attorney's affidavit detailing Hartford's lack of participation in the preparation of the case. The affidavit closed with the following passage. "The court costs incurred in this case will be paid by Defendant Reynolds Metals Company. The remaining expenses incurred in preparing this case for trial are $8,173.18."

The court granted the motion and ordered Hartford to pay "50% of the expenses incurred in preparing his case for trial."

In its later agreed order of dismissal, the court did not mention the apportionment of expenses. The court ordered that "all costs of suit of the Plaintiff, ROBERT COLLINS, are to be taxed and adjudged against [Reynolds]. All other court costs are to be taxed and adjudged against the party incurring the same."

■■■ Hartford raises five points of error against the order apportioning the expenses. The action complained of is within the court's general conduct of the trial. We must therefore examine the record to see if the court abused its discretion and thereby harmed the appellant. *See Pitt v. Bradford Farms*, 843 S.W.2d 705, 706–707 (Tex.App.—Corpus Christi 1992, no writ). The court abused its discretion if it acted without reference to guiding rules and principles—that is, arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■■■ By point of error two, Hartford contends that the court erred in apportioning the expenses because a court can only apportion attorney's fees, not expenses. While that is not strictly the case, as seen by the rules governing costs (e.g. TEX.R.CIV.P. 141), Hartford is correct as to expenses. The Beaumont court held that there is no basis in statute or rule for a court order awarding litigation expenses. *Aetna Casualty & Sur. Co. v. Harjo*, 766 S.W.2d 583, 583–84 (Tex. App.—Beaumont 1989, no writ). As discussed in footnote one above, the legislature explicitly allowed for apportionment of attorney's fees in the statute. Court costs are covered by the rules of procedure. TEX. R.CIV.P. 125–149. Neither the statute nor the rules mentions expenses. We cannot read the apportionment of expenses into an exact compensation scheme like the Workers' Compensation Act. *Harjo*, 766 S.W.2d at 583–584 (citing *Jones v. Liberty Mutual Ins.*

---

1. The relevant statute allowed claimant's attorney to recover an attorney's fee of up to one-third of the carrier's recovery where the claimant was represented by an attorney and the carrier's interest was not actively represented. TEX.REV.CIV. STAT.ANN. art. 8307 § 6a(a), *repealed by* Act of December 13, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01. If the carrier's attorney actively represented its interest and actively participated in obtaining the recovery, the statute allowed the court to award and apportion the attorney's fee out of the carrier's subrogation recovery between the attorneys taking into account the benefit accruing to the association by each attorney's performance, such that the aggregate fee did not exceed one-third of the subrogated interest. TEX. REV CIV.STAT.ANN. art. 8307 § 6a(b), *repealed by* Act of December 13, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01.

Co., 745 S.W.2d 901, 902–903 (Tex.1988) (absent statutory provision, carrier cannot recover prejudgment interest on benefits paid) and *Standard Fire Ins. Co. v. Morgan*, 745 S.W.2d 310, 313 (Tex.1987) (absent statutory provision, injured party cannot recover prejudgment interest on medical expenses paid)).

We do not speculate on what "expenses" are as opposed to "costs." Collins's attorney in her affidavit distinguished between Collins's court costs absorbed by Reynolds and the remaining expenses. The court implicitly recognized the same distinction because its agreed order of dismissal assessed *all* of Collins's costs against Reynolds, whereas its apportionment order left Collins and Hartford responsible for half of Collins's expenses. Expenses are something other than attorney's fees and court costs.

The parties are free to agree to an apportionment of expenses. They are also free to seek judicial redress for the breach of a contract to split expenses. They cannot simply petition the court to apportion the expenses, however, because there is no basis for such apportionment in law or rule.

The court abused its discretion in ordering the apportionment of expenses. The order harmed Hartford by requiring Hartford to pay expenses for which it was not otherwise liable. We sustain point two. We need not address the remaining points of error.

We reverse the apportionment order and render that Hartford is liable under no court order for any of Collins's expenses.